# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 12-821V
(Filed: September 10, 2014)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| RONALD J. BENTON, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Special Master Hamilton-Fieldman |
| | * | |
| v. | * | |
| | * | Influenza (Flu) Vaccine; Guillain- |
| SECRETARY OF HEALTH AND | * | Barré Syndrome ("GBS"); Stipulation; |
| HUMAN SERVICES, | * | Damages; Attorneys' Fees and Costs; |
| | * | Reasonable Amount Requested to Which |
| Respondent. | * | Respondent Does Not Object. |
| * * * * * * * * * * * * * * | | |

Jeffrey A. Golvash, Brennan, Robins & Daley, P.C., Pittsburgh, PA, for Petitioner.
Ann D. Martin, United States Department of Justice, Washington, D.C., for Respondent.

**DECISION AWARDING DAMAGES AND ATTORNEYS' FEES[1]**

On November 29, 2012, Petitioner, Ronald Benton, filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Program").[2] Petitioner alleges that, as a result of receiving an influenza ("flu") vaccine on December 3, 2009, he suffered from Guillain-Barré syndrome.

On September 9, 2014, the parties filed a stipulation in which they state that a decision should be entered awarding compensation and attorneys' fees. Respondent denies that Petitioner's influenza vaccine caused GBS or any other injury. Nonetheless, both parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds said stipulation

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, "the entire" decision will be available to the public. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

reasonable and adopts it as the decision of the Court in awarding damages and attorneys' fees, on the terms set forth therein.

The parties stipulate that Petitioner and her attorney shall receive the following compensation:

> **A lump sum of $115,000.00 in the form of a check payable to Petitioner**. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and
>
> **A lump sum of $21,506.98 in the form of a check jointly payable to Petitioner and Petitioner's attorney, Jeffrey A. Golvash**, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).  In compliance with General Order #9, Petitioner represents that no personal, out-of-pocket expenses were incurred by Petitioner in proceeding on the petition.

Stipulation ¶ 8.

The undersigned approves the requested amount for Petitioner's compensation and for attorneys' fees.  Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

s/Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RONALD J. BENTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 12-821V |
| v. ) | Special Master Hamilton-Fieldman |
| ) | ECF |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, Ronald J. Benton, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received an influenza immunization on December 3, 2009.[1]

3. The vaccine was administered within the United States.

4. Petitioner alleges that he suffered Guillain-Barré Syndrome ("GBS") as a result of his influenza vaccine. Petitioner further alleges that he experienced residual effects of his condition for more than six months.

---

[1] Petitioner also received a monovalent H1N1 vaccination on December 3, 2009, which vaccine is not contained in the Table. The monovalent H1N1 vaccine is covered under the Countermeasures Injury Compensation Program ("CICP") See 42 U.S.C. 247d-6e; 77 Fed. Reg. 13329 (March 6, 2012).

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his injuries.

6. Respondent denies that petitioner's influenza vaccine caused GBS or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $115,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and
>
> b. A lump sum of $21,506.98 in the form of a check payable jointly to petitioner and petitioner's attorney, Jeffrey A. Golvash, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e). In compliance with General Order #9, petitioner represents that no personal, out-of-pocket expenses were incurred by petitioner in proceeding on the petition.

9. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

10. Payments made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

12. In return for the payments described in paragraph 8, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, --

(a) does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the influenza vaccination administered on December 3, 2009, as alleged by petitioner in a petition for vaccine compensation filed on or about November 29, 2012, in the United States Court of Federal Claims as petition No. 12-821V; and

(b) waives any and all rights to any compensation that may be available under the Countermeasures Injury Compensation Program, 42 U.S.C. § 247d-6e (or an action under 42 U.S.C. § 2476d(d)), for a claim alleging that a covered countermeasure, on its own or in combination with the influenza vaccination administered on December 3, 2009, caused the same injuries that were the subject of the petition for vaccine compensation filed on or about

November 29, 2012, in the United States Court of Federal Claims as petition No. 12-821V, specifically GBS, for which petitioner will receive compensation pursuant to this stipulation.

13. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the influenza vaccine caused petitioner to develop GBS or any other injury.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/

Respectfully submitted,

PETITIONER:

*Ronald J. Benton*
RONALD J. BENTON

ATTORNEY OF RECORD FOR PETITIONER:

*[signature]*
JEFFREY A. GOLVASH
Brennan, Robins & Daley, P.C.,
445 Fort Pitt Boulevard
Suite 200
Pittsburgh, PA 15219
(412) 281-0776

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*[signature]*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*[signature]*
A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Acting Director, Division of Vaccine Injury Compensation (DVIC)
Acting Director, Countermeasures Injury Compensation Program (CICP)
Healthcare Systems Bureau, U.S. Dept. of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*Ann D. Martin*
ANN D. MARTIN
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, DC 20044-0146
(202) 307-1815

Dated: September 9, 2014

5